**ARTHUR ABEL and LOLITA ABEL WHYTE, Plaintiffs**

**v.**

**WALTER J. M. PEDERSEN, Asst. Commissioner of Finance, OSWALD O. SCHJANG, Recorder of Deeds, GOVERNMENT OF THE VIRGIN ISLANDS, et al., Defendants**

# Civil No. 75-740

## District Court of the Virgin Islands

Div. of St. Croix

# May 10, 1979

JOHN D. MERWIN, ESQ., Frederiksted, St. Croix, V.I., *for plaintiffs*

JOHN E. LENAHAN, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for defendants Pedersen, Schjang & Government*

FRANK PADILLA, ESQ., Frederiksted, St. Croix, V.I., *for defendant Williams*

CHRISTIAN, *Chief Judge*

### MEMORANDUM AND ORDER

This is an action to expunge a document from the public records and to quiet title to real property.

Plaintiff, Arthur Abel,[1] acquired the disputed properties at a tax sale and is now suing the original owners and the Government of the Virgin Islands in an attempt to clarify whether or not a valid redemption of the properties occurred. Plaintiff and defendants Government and Donald Williams have stipulated to various facts and submit their stipulation in an apparent attempt to solicit a judgment from the Court. The stipulation does not, however, provide

---

[1] Plaintiff Lolita Abel Whyte and defendants Alva Joseph and the Government have amicably settled their differences as to parcel 71D Two Brothers Frederiksted.

the Court with sufficient facts upon which to base an opinion. Plaintiff moves for an entry of default, also, against defendants Augustina Nesbitt and Ebenezer Graham. 5 V.I.C. App. I, R. 55. The motion for entry of default will be granted.

The gist of the claim by defendant Williams is that he tendered redemption monies to the Department of Finance and his check was subsequently offered to plaintiff. Plaintiff then refused the tender on the grounds that the amount was insufficient. Finally, the Deputy Commissioner of Finance, Walter Pedersen, directed a letter to the Recorder of Deeds declaring the disputed property redeemed. Despite such a declaration, plaintiff has retained possession of the property.

There are, however, facts essential to a decision to which the Court has not been made privy. For example, there is no stipulation regarding whether the amount tendered in the redemption offer was the proper amount. In addition, there is no stipulation as to who now retains control over the monies offered for redemption. Also, there is no mention whatsoever of the intervenor Nova Scotia Bank. Similarly, although there appear to be cross-claims for damages against the Government for improper notice of the tax sale and mishandling of the redemption process, there is no evidence on the value of the disputed property. Finally, absolutely no argument has been presented to the Court to establish the legal issues involved or their proper resolution. The Court is, therefore, unable to resolve the dispute in the case at bar at this time.

At issue in the motion for an entry of default is whether the service by publication made by plaintiff was adequate. The problem is that Augustina Nesbitt's name is not even mentioned in the notice published by plaintiff and although Ebenezer Graham's name is perhaps indicated, it is badly misspelled as "Ebenezer Granumn". On the other

hand, the land involved is satisfactorily described and the notice does address itself to "all persons claiming any right, title and interest in and to" the relevant properties. The Court is troubled by the defects in plaintiff's notice, especially when the correct information was readily available to him. However, the Court is also aware of the common practice among lawyers in the Virgin Islands to consider as adequate a notice mentioning the property involved and addressing itself to all persons claiming an interest in the property. Accordingly, the notice will be deemed valid and the motion for an entry of default will be granted.

■ However, this practice will not be acceptable in the future. The Court acknowledges that "[t]he real test for determining if means of service other than personal service or its equivalent will suffice is whether the method is reasonably calculated to give actual notice and, if there is some doubt on the point, is it at least the best possible procedure under the circumstances". C. Wright & A. Miller, Federal Practice and Procedure, § 1074, at 301 (1969). Logically, then, if the Court sanctions the use of service by publication, a method of service highly unlikely to achieve actual notice, the "best possible procedure" must be utilized. In the future, therefore, for notice by publication to be valid, the names of defendants, if available to plaintiff, must be properly spelled and clearly mentioned. Only in this manner will the "best possible procedure" have been utilized.

### ORDER

The premises considered and the Court being advised,

IT IS ORDERED that the motions of all parties for summary judgment be, and the same are hereby, DENIED;

IT IS FURTHER ORDERED that this case be set down for a hearing during the week of May 21, 1979;

334

IT IS FURTHER ORDERED that the motion of plaintiffs for an entry of default be, and the same is hereby, GRANTED.